# EXHIBIT C

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW SPICIARICH, JOEL O'NEIL, and IAN ANDERSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE GORMAN GROUP, LLC; GORMAN BROS., INC.; ALBERT MARK GORMAN, individually; and PAUL ANTHONY GORMAN, individually;<br><br>Defendants. | No. 20 Civ. 646 (FJS/CFH) |

**DECLARATION OF CAITLIN RIPP ON BEHALF OF**
**A.B. DATA, LTD. REGARDING SETTLEMENT ADMINISTRATION**

I, Caitlin Ripp, certify as follows:

1. I am a Project Manager with A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data") in Milwaukee, Wisconsin. My business address is 600 A.B. Data Drive, Milwaukee, WI 53217, and my telephone number is 414-961-7616.

2. I submit this Declaration (the "Declaration") in connection with the class action notice administration proceedings related to the above-captioned action (the "Action") in accordance with the Order Granting Preliminary Approval of Settlement (the "Order") and Settlement Agreement ("Settlement Agreement").

3. A.B. Data serves as the class action administration firm for the Action. This Declaration details the steps that were taken to implement notice per the terms of the Order, which steps consisted of the following:

    A. Disseminating the Notice to Class Members via U.S. Postal Service ("USPS") First-Class Mail, postage pre-paid; and

    B. Receiving and processing Opt-Out Statements, Objections and Notices returned

as undeliverable ("UAA").

## DISSEMINATION OF NOTICE

4. Prior to dissemination of the Notice to Class Members, A.B. Data received an Excel file ("Class List") containing the names, mailing addresses, Social Security Numbers, Employment Start and End Dates, and telephone numbers from Counsel for the Defendants.

5. The Class List contains a total of 98 Class Members.

6. Prior to the initial mailing of the Notice to Class Members, A.B. Data standardized and updated the mailing addresses contained in the Class List using the National Change of Address ("NCOA") system maintained by the USPS and updated the data with any corrected information from the NCOA.

7. A.B. Data established a mailing address, specifically Gorman Settlement Claims Administrator, c/o A.B. Data, Ltd., P.O. Box 173086 Milwaukee, WI 53217, to receive Opt-Out Statements, Objections and UAA Notices.

8. On May 10, 2021, A.B. Data mailed the Notice to the 98 Class Members via First-Class Mail. The Notice provided instructions for Class Members to mail an Opt-Out Statement or Objection to A.B. Data postmarked no later, than June 9, 2021.

9. On May 27, 2021, A.B. Data mailed corrective Notices and corrective notice letters to 98 Class Members via First-Class Mail. The letter advised of an inaccurate estimated award in the Notice sent on May 10, 2021. The new Notice was updated to reflect the corrected estimated award. The Notice provided instructions for Class Members to mail an Opt-Out Statement or Objection to A.B. Data postmarked no later, than June 28, 2021.

10. As of the date of this Declaration, four (4) of the 98 Notices mailed to Class Members were returned by the USPS to A.B. Data as UAA once. Of the four (4) UAA Notices, A.B. Data obtained updated mailing addresses for three (3) Class Members obtained through third-party providers to

which A.B. Data subscribes. Of the three (3) Notices that were remailed, zero (0) were returned a second time as UAA.

11. As of the date of this Declaration, A.B. Data has received zero (0) Opt-Out Statements.

12. As of the date of this Declaration, A.B. Data has received zero (0) objections.

13. The Settlement Fund is $380,000.00.

14. On March 18, 2021, Defendants deposited the Settlement Payment into the qualified settlement fund.

15. The Net Settlement Fund is estimated to be $233,031.34, after deducting $126,666.66 for attorneys' fees, $402.00 for attorneys' costs, and $19,900.00 for the Service Awards to the named Plaintiffs.

16. The highest estimated award is $52,314.02. The average award is $2,377.87.

17. A.B. Data waived the Administration fee of $10,000. This amount was reabsorbed by the Net Settlement Fund.

18. A.B. Data calculated individual awards by using the percentage each Qualified Class Member accounted for in the total amount Defendants remitted to their employees in travel time payments made in September 2020 and June 2020. The Net Settlement Fund was then divided among the Qualified Class Members based on this percentage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of July, 2021.

*Caitlin Ripp*
_____

Caitlin Ripp

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW SPICIARICH, JOEL O'NEIL, and IAN ANDERSON, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>THE GORMAN GROUP, LLC; GORMAN BROS., INC.; ALBERT MARK GORMAN, individually; and PAUL ANTHONY GORMAN, individually;<br><br>**Defendants.** | No. 20 Civ. 646 (FJS/CFH) |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**TO:** ALL CURRENT AND FORMER MANUAL WORKERS WHO WERE PAID FOR UNPAID TRAVEL TIME AT THE GORMAN GROUP AND/OR GORMAN BROTHERS FROM JUNE 9, 2014 THROUGH JANUARY 20, 2021.

Based on the records of The Gorman Group and/or Gorman Brothers ("Gorman"), you were employed as a manual worker who was required to travel, and may not have been properly compensated by Gorman for such travel between June 9, 2014 through January 20, 2021. Based on these records, you are entitled to participate in the proposed settlement (the "Settlement") of the case captioned *Spiciarich et al. v. The Gorman Group, LLC et al.*, No. 20 Civ. 646 (FJS/CFH) (the "Lawsuit").

**PLEASE READ THIS NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING THE SETTLEMENT. IF THE SETTLEMENT IS APPROVED BY THE COURT AND YOU TAKE NO FURTHER ACTION, YOU WILL BE BOUND BY ITS TERMS AND YOU WILL RECEIVE A SETTLEMENT CHECK.**

1. **WHAT IS A CLASS ACTION/WHY ARE YOU RECEIVING THIS NOTICE?**

   A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class. In this case, the "Class Members" consist of all employees who may not have been properly compensated travel time for The Gorman Group, LLC in New York between June 9, 2014 and January 20, 2021 ("Class Members"). The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

2. **WHAT IS THIS CASE ABOUT?**

   This action was commenced on behalf of a class of manual workers employed at Gorman by Andrew Spiciarich, Joel O'Neil, and Ian Anderson ("Plaintiffs") against The Gorman Group, LLC, Gorman Bros., Inc., Albert Mark Gorman, and Paul Anthony Gorman ("Defendants"). The Lawsuit alleges that

Defendants violated federal and state wage and hour laws. Defendants vigorously deny these allegations and deny that they violated the law in any way.

3.  **WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?**

The Parties have agreed to settle this matter for the total sum of Three Hundred Eighty Thousand Dollars and Zero Cents ($380,000.00).

Subject to Court approval, the following payments and expenses will be deducted from the $380,000.00 settlement amount prior to distribution of the settlement funds to Class Members:

- Enhancement Awards: If the court approves such payments, the total of $7,500 will be paid to Andrew Spiciarich, $5,000 each to Ian Anderson and Joel O'Neil, and $800 each to Timothy Murphy, Jared O'Neil, and Nicholas Smith. This payment is being made based on the services these individuals provided to the Class.

- Attorneys' Fees and Costs: Class Counsel will apply to the Court for attorneys' fees of one-third of the Settlement Fund ($126,666.66) and recovery of costs.

- Administration Expenses: $10,000.00 will be paid from the Settlement Fund to the Claims Administrator selected by Plaintiff to cover any costs associated with the administration of the settlement payments to Class Members.

After payment of court approved attorneys' fees and costs, enhancement award for the Plaintiff and administration expenses, the remaining Settlement Fund (the "Net Settlement Fund") will be distributed to Class Members as set forth below:

(i)  The percentage each Class Member accounted for in the total amount Defendants remitted to their employees in the travel time payments made in September 2020 and June 2020 will be calculated by utilizing Defendants' data;

(ii)  Then each Qualified Class Member will be awarded this percentage out of the Net Settlement Fund as their "Settlement Award."

4.  **HOW MUCH WILL MY PAYMENT BE AND WHEN WILL I RECEIVE IT?**

Based on the formula in the settlement agreement, the total individual settlement amount you will be entitled to receive is estimated to be approximately **$<<Estimated Award>>**.

Your total estimated settlement award will be paid within five (5) days of the Final Effective Date. The Final Effective Date is defined as the date on which the settlement agreement becomes effective, which shall mean the later of: (1) thirty (30) days following the entry of the Order Granting Final Approval of the Settlement, if no appeal is taken, or (2) the entry of a final order and judgment after all appeals and petitions are resolved or the time therefore has expired.

You will have ninety (90) days after the date your settlement check is issued to deposit your settlement check. If you lose or do not receive your settlement check, you must request a replacement check within the ninety (90) day period of the check's issue date. If you do not deposit your settlement check or request a replacement check within the ninety (90) day period, your settlement check will be void. However, you

will remain bound by all the terms of the Settlement Agreement even if you do not cash your settlement check. Requests for replacement checks after ninety (90) days of the check's issue will not be honored.

5. **WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

If you are a Class Member who does not opt-out of the Settlement (see section 7, below) and the Settlement is approved by the Court, the Court will enter a Judgment and Final Approval and you will receive a settlement payment. The Judgment and Final Approval will dismiss the action with prejudice and operates to fully release and discharge any and all wage and hour claims, with the exception of claims for retaliation, based on or under state and/or local laws, including, but not limited to, the New York Labor Law ("NYLL"), through the date the Court enters the Judgment and Final Approval. If you endorse and deposit your settlement check, you will also release and discharge any and all wage and hour claims based on or under federal law, with the exception of retaliation, and including but not limited to, the Fair Labor Standards Act ("FLSA"). When a person "releases" claims, that means he or she cannot sue the Defendant (and all related entities, officers, members, etc.) for any of the claims covered by the release. If you do not endorse and deposit your settlement check, you will not release claims under federal law.

6. **HOW CAN I RECEIVE A SHARE OF THE SETTLEMENT?**

If you are eligible to receive payment under this Settlement and do not opt-out of this Settlement (*i.e.* if you do nothing) you will receive a check for your share of the Settlement Fund. You do not need to take any action in order to receive your share of the Settlement Fund. If your address changes before you receive your settlement check, you must contact Fitapelli & Schaffer, LLP, 28 Liberty Street, New York, New York 10005, Tel: 212-300-0375, Fax: 212- 481-1333, or e-mail info@fslawfirm.com to update your mailing address.

7. **HOW DO I OPT OUT OF THE SETTLEMENT CLASS?**

If you do not want to participate in the settlement and receive a settlement check, or you want the right to pursue your own lawsuit, you can opt-out of the Settlement. If you do not opt-out, you will be bound by the terms of this Settlement. To opt-out, you must send a letter which includes your name, current address, and telephone number. It must also include the following sentence: "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN IN *SPICIARICH ET AL. V. THE GORMAN GROUP, LLC. ET AL.,* NO. 20 CIV. 646" **The letter must be postmarked no later than Wednesday, June 28, 2021 and must be signed and include your full name, address, and telephone number**. The letter must be mailed to:

Gorman Settlement
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**PO Box 173086**
**Milwaukee, WI 53217**

**If you do not opt-out within the time limit set forth above, you will be bound by the terms of the Settlement Agreement and you will receive a settlement check.** If you choose to opt-out of the settlement, you cannot object to the settlement or speak at the fairness hearing.

8. **WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?**

If you wish to object to the proposed Settlement, you must first do so in writing. Class Members who have opted-out of the Settlement may not submit objections to the Settlement. Written objections must

4

be mailed via First Class United States Mail to Gorman Settlement c/o A.B. Data, Claims Administrator, PO Box 173086, Milwaukee, WI 53217 by **June 28, 2021**.

Written objections must contain your full name, address, and telephone number, must be signed by you, and must state, "I OBJECT TO THE SETTLEMENT IN IN *SPICIARICH ET AL. V. THE GORMAN GROUP, LLC. ET AL.,* NO. 20 CIV. 646." You must include in the letter the reasons you object.

If you object to the settlement and wish to speak at the Fairness Hearing (see section 9, below), you must include with your written objection the specific reasons for your objection. The objection should also state: "I intend to appear at the Fairness Hearing."

If you do not comply with the foregoing procedures and deadlines for submitting objections, you will not be entitled to speak at the Fairness Hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.

All objections will be provided to the Court. The Parties may file written responses to any objections. If your objection is overruled by the Court, you will remain bound by the Settlement.

9. **WHEN IS THE FAIRNESS HEARING AND WHAT HAPPENS AT IT?**

A hearing before the Honorable Christian F. Hummel will be held on **July 16, 2021** at **10:00** a.m. the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207 In consideration of the Covid-19 Pandemic, it may not be plausible for an in-person hearing and the hearing could be held virtually. The purpose of the Fairness Hearing is for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any objections raised in accordance with the procedures described in section 8, above. You are not required to attend the Fairness Hearing, even if you filed an objection. Class Counsel will represent you at the hearing. Of course, you are welcome to attend (at your own expense) if you so desire. Should you choose to attend the hearing, please contact Class Counsel at 212-300-0375 or info@fslawfirm.com to receive the information to attend the hearing, either in-person or virtually.

10. **DEFENDANTS CANNOT AND WILL NOT RETALIATE AGAINST YOU**

Many employees fear being terminated or otherwise retaliated against for participating in a settlement. However, federal and state law prohibits Defendants from firing or in any other way retaliating against you because you participate in this settlement. No person who participates will be terminated or otherwise retaliated against for participating in the settlement.

11. **DO I HAVE A LAWYER IN THIS CASE?**

The law firm of Fitapelli & Schaffer, LLP, 28 Liberty Street, New York, New York 10005, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees will be paid from the total settlement fund (see section 3, above). If you want to be represented by your own lawyer, you may hire one at your own expense.

12. **TAX TREATMENT**

For tax purposes, 100% of each Class Member's individual settlement payment will be classified for tax purposes as penalties, liquidated damages, and interest subject to 1099 reporting as non-wage income. At

the end of the calendar year, the Claims Administrator will issue each Class Member who has cashed a check an IRS Form 1099 for the portion of the Class Member's settlement payment which is being classified as penalties, liquidated damages, and interest. Class Members are responsible for the appropriate payment of any taxes on the payments they receive. Class Counsel and Defendant's Counsel do not intend this Notice to constitute tax advice, and to the extent that this Notice is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

If you are presently a party to an individual bankruptcy proceeding, it may be necessary for you to advise the trustee of that bankruptcy proceeding of this settlement.

**13.    WHAT IF I HAVE ADDITIONAL QUESTIONS?**

If you have additional questions about this Notice or want more information, you can contact Class Counsel, Brian S. Schaffer or Hunter G Benharris, at Fitapelli & Schaffer, LLP, 28 Liberty Street, New York, New York 10005, (212) 300-0375, info@fslawfirm.com.

By Order of the Court
Dated:  **May 27, 2021**