# EXHIBIT F

1

ECJKAMAC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   PHILIPS AMADOR, et al.,
 4              Plaintiffs,
 5         v.                            11 CV 4326 (RJS)
 6   MORGAN STANLEY & CO. LLC,
     et al.,
 7
                Defendants.
 8
     ------------------------------x
 9                                       New York, N.Y.
                                         December 19, 2014
10                                       10:10 a.m.
11   Before:
12                   HON. RICHARD J. SULLIVAN,
13                                       District Judge
14                         APPEARANCES
15   KLAFTER OLSEN & LESSER LLP
          Attorneys for Plaintiffs
16   BY:  SETH R. LESSER
          -AND-
17   SHAVITZ LAW GROUP PA
     BY:  GREGG I. SHAVITZ
18
     MORGAN LEWIS & BOCKIUS LLP
19        Attorneys for Defendants
     BY:  THOMAS A. LINTHORST
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.

ECJKAMAC                                                                15

1          The reasonableness of the plan of allocation is the
2    next issue I need to consider.  This strikes me as a very
3    straightforward and reasonable allocation plan.  It's based on
4    basically the number of weeks worked by each class member,
5    based on records that are pretty reliable records.  That's not
6    always true in Fair Labor Standards Act cases, but in this case
7    it seems to me the records are quite reliable, certainly more
8    reliable than most settlements involving these types of cases.
9    So I think it's a reasonable and appropriate distribution
10   method.
11         The named plaintiffs will each get $10,000 as a
12   recognition payment for their additional efforts.  The opt-in
13   plaintiffs who were deposed are, under this agreement, entitled
14   to a $7,500 premium.  I think those are both reasonable
15   amounts, and some courts approve more than that.  I think
16   that's right.  Sometimes I do worry when there's too much of a
17   kicker in some of these cases, but this strikes me as in the
18   middle of a fairway and appropriate in light of the fact that
19   somebody has to get these things going and somebody has to take
20   the lion's share of the burden with respect to depositions and
21   that kind of thing.  So I think that's appropriate.
22         The adequacy of the notice?  I've already passed on
23   that.  I have no reason to think that I was wrong before, and,
24   given the figures that Mr. Lesser has shared with me today, I
25   think it confirms my view that the method of notice was

(212) 805-0300

ECJKAMAC
16

1    appropriate.
2           So I think I'm prepared to approve the class action.
3    I guess the New York class action, the collective action
4    settlement, has a different set of standards under the Lynn's
5    Food Stores versus United States standards set forth.  That's
6    an Eleventh Circuit case but has been widely adopted here in
7    this circuits.  Again, it's a slightly different articulation
8    as to what makes something reasonable, but for the same reasons
9    I've already discussed, I find that the settlement is
10   reasonable with respect to the Fair Labor Standards Act claims.
11          That then takes us to attorneys' fees.  The attorneys'
12   fees here are 1.4 million, which is one-third of the
13   settlement, as well as the costs or expenses that was expended,
14   which is a little over $100,000, plus then another $118,000 for
15   the administration of the settlement.  That strikes me as not
16   unreasonable, not unusual, for lawyers in cases like this, to
17   get a third, given the amount of time that was spent here,
18   according to counsel's representations.  The hourly rate comes
19   to sort of under $400 an hour, in the 390 range, which is not
20   outside of the ballpark of where these cases do get compensated
21   at.  Also, the bottom line is, there was generally a
22   recognition that one-third is not too high for cases like this,
23   and I think that's right.  It's important that lawyers have
24   incentives to bring cases like this, and I think this
25   settlement is in line with that.  And I think pointedly and

(212) 805-0300

ECJKAMAC

1   importantly, there have been no objections from class members
2   at this point, so they seem to be okay with it, and I don't see
3   any reason for me to tell them they should be upset when
4   they're not.
5       It's a big class, we're not talking about a handful of
6   people who may not speak English and may have citizenship or
7   residency issues that make them less likely to come forward or
8   object. These are a class of plaintiffs who are pretty
9   sophisticated and educated, able to communicate, and I think if
10  they had objections, at least some of them would have come
11  forward, and none have. So in light of that, I'm prepared to
12  find that the attorneys' fees and expenses here are reasonable.
13      So I think, for some of these same reasons, also under
14  the Grinell factors -- the risks here, the complexity of the
15  case, the quality of the representation, public policy
16  concerns -- I'm satisfied that the fairness of the fee has been
17  explained and justified.
18      So with that, then, I will approve the settlement.
19  I'll issue that order later today. It will probably get
20  docketed today or Monday.
21      Is there anything else I should be thinking about or
22  that we need to cover today?
23      MR. LESSER: I don't believe so. You probably
24  mentioned this in passing. I just want to make sure that you
25  did approve the claims administrator cost of 118.

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

```
                                                                    18
          ECJKAMAC

 1                 THE COURT:  Yes.
 2                 MR. LESSER:  I knew you mentioned it.
 3                 THE COURT:  Yeah, 118 and --
 4                 MR. LESSER:  118 flat.
 5                 THE COURT:  Oh, it is?
 6                 MR. LESSER:  Yes.
 7                 THE COURT:  So I will approve that.  That's not
 8      unusual.  Certainly Garden City Group is kind of the gold
 9      standard for these things, and that's what it costs, and it's
10      not an unreasonable cost.
11                 I should give the defendants an opportunity to speak,
12      though of course a fairness hearing is never really about
13      whether it's fair to the defendant.  The law is less concerned
14      about defendants in these contexts.  The Court's role is to
15      make sure that the plaintiffs are not getting a raw deal
16      because of the nature of class actions and because of the
17      nature of labor disputes in particular, for the Fair Labor
18      Standards Act.  So I think we have covered those issues
19      already, from the plaintiffs' perspective, but if the defendant
20      wants to weigh in and speak on anything, I'm happy to hear you.
21                 MR. LINTHORST:  I have nothing, your Honor.
22                 THE COURT:  Okay.
23                 All right.  Chris, do we have a Word version of the
24      order, the proposed order -- did you send us a proposed order?
25                 MR. LESSER:  We did.

                       SOUTHERN DISTRICT REPORTERS, P.C.
```